IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CONSTANCE WALKER-CAGE, et al.,

    Plaintiffs,

v.                                                      Civil Action No.: 2:07-02441 STA
                                                    JURY DEMANDED

CITY OF MEMPHIS and MEMPHIS
POLICE ASSOCIATION, INC.,

    Defendants.

---

CONSOLIDATED WITH:

---

DENNIS MCNEIL, et al.,

    Plaintiffs,

v.                                                      Civil Action No.:  2:07-02166-STA
                                                    JURY DEMANDED

MEMPHIS POLICE ASSOCIATION, INC.
AND CITY OF MEMPHIS,

    Defendants.

---

**ORDER APPROVING SETTLEMENT**

---

       The City of Memphis ("City") proposes as settlement of this case, subject to the approval of this Court, that the City will, within thirty (30) days of this Order, promote sixty-nine (69) Sergeants to Lieutenant (including the following named Plaintiffs; Constance Walker-Cage, Linda Pride, Anthony Carter, Sandra Owens, Wanda Benton, Eddie Bass, Raquel Irving, Denise Jones, Lauren Robinson, Terry Pirtle, Ronald Collins, Dennis McNeil, Darlene Smith, Gwendolyn Lawrence Terry, Timothy Green, Sharon Mabon, Ernest Greenleaf and Monique

Campbell), pay each officer promoted $20,000 back pay less applicable withholdings, pay $85,000 dollars to the Plaintiffs' lawyer Jon Goldfarb as attorney's fees and expenses, pay up to $50,000 dollars to Plaintiffs' attorney Darrell O'Neal as attorney's fees and expenses, and pay the outstanding mediation fees incurred in the mediation of this case.  Additionally, the City will set the seniority date for those promoted as June 16, 2005.  It is agreed by the City that the retroactive date of promotion applies to the Plaintiff and non-Plaintiff officers' pension and that the parties will make all necessary pension contributions to give full effect to the retroactive date of promotion for pension purposes.  However, the parties acknowledge that the retroactive date of the promotion does not count towards any experience requirement for future Majors' promotional processes.  The sixty-nine (69) Sergeants chosen for promotion as part of this settlement are all those Sergeants, whether litigants or not, who have not yet been promoted to Lieutenant who are number 165 or less on either the three-part test promotional list or the one-part test promotional list as described below. In exchange, the Plaintiffs identified above agree to voluntarily dismiss this lawsuit with prejudice. Those Plaintiffs in the McNeil case who are not being promoted will dismiss their case without prejudice.

The following is a description of the events that led to this litigation. During the course of the City's 2005 Lieutenant's promotional process, a three-part test was developed by an expert retained by the City and given to the eligible candidates.  After the test results were reviewed, the City's expert determined that although the test was valid, it had an adverse impact on African-American candidates.  In response to this development, the City sought a less discriminatory alternative.  Its expert determined that using one part of the test, the written examination, and seniority ("one-part test") would produce no statistically significant adverse impact on African-American candidates, and would still be a valid selection device.  The City then prepared a rank

ordered list using the one-part test and promoted the first 94 candidates on the list to Lieutenant, with no resultant statistically significant adverse impact on African Americans. The list was to be used for two years and then expire.

In accordance with the Memorandum of Understanding (MOU) between the City and the Memphis Police Association ("MPA") the City had projected that it would need up to 165 Lieutenants, plus or minus 10%, over the life of the list. After the City promoted the first 94 candidates, however, the MPA filed a grievance asserting that the City violated the MOU by changing the promotional procedure as described above and making the initial promotions without first consulting with the MPA. As a remedy, the MPA sought to return to the *status quo ante* by the promotion of anyone on the three-part test ranked between 1 and 94 who had not already been promoted. The grievance proceeded to arbitration and the Arbitrator ruled in favor of the MPA, ordering twenty-six additional candidates from the three-part list promoted to Lieutenant, which the City made on February 20, 2006. Subsequently, these lawsuits were filed alleging violations of Title VII in the Lieutenant's promotional process. Both the City and MPA answered denying the allegations in the Complaints. Additionally, the MPA filed another grievance asserting that the City violated the MOU by failing to promote the number of Lieutenants (165) it projected as its operational need within the life of the promotion list.

After reviewing the claims presented by the Plaintiffs, the defenses asserted by the City and the MPA, and based upon the statements of counsel, the Court finds that the proposed settlement is fair, lawful and consistent with the purposes of Title VII, the 14th Amendment, §1981, §1983, state law, the City of Memphis' Charter and ordinances and the MOU. The promotions and other relief provided to the Plaintiffs and the other non-plaintiff officers in accordance with the settlement is for the purpose of the settlement of this lawsuit and these

promotions and other relief are not an employment policy or practice of the City or an employment selection device or procedure within the meaning of federal law or regulations. The failure of other individuals to be included for promotion and other relief in the settlement is not an adverse employment action under federal law or regulation or an employment policy, practice or selection device or procedure within the meaning of federal law and regulation and does not violate federal law. Accordingly, the settlement is approved.

Memphis, Tennessee, this 13th day of July, 2009.

               **s/ S. Thomas Anderson**
               S. THOMAS ANDERSON
               UNITED STATES DISTRICT JUDGE